IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE ROBINSON, #N52712, | |
| Plaintiff, | Case No. 21-cv-00344-SPM |
| v. | |
| WEXFORD HEALTH CARE, DEE DEE BROOKHART, LYNN PITTMAN, and NURSE HARRIS, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff George Robinson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Robinson claims he was given the wrong medication which resulted in swelling of his eyes, blindness, and headaches. Robinson seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Robinson alleges that on September 26, 2019, he was given the wrong medication by Nurse

Harris. (Doc. 1, p. 5; Doc. 1-1, p. 3, 7). He was supposed to receive Tramadol and instead was dispensed another inmate's Neurontin. (*Id*). The medication caused him to have an allergic reaction. (Doc. 1, p. 5). Robinson experienced blindness and swelling around the eyes. He immediately complained to a correctional officer and another nurse came to the cell and took Robinson's vitals. The nurse told Robinson that his vitals were fine. Four hours later, Robinson again had blurred vision and swelling around his eyes. He then submitted an emergency grievance. The emergency grievance was approved on September 30, 2019. (*Id.*).

After five days of suffering with blindness and swelling, Robinson was finally seen by Dr. Pittman on October 1, 2019. (Doc. 1, p. 5; Doc. 1-1, p. 8). Dr. Pittman noted that Robinson was unable to "track finger or finger count." (Doc. 1, p. 5). Robinson was taken to the infirmary for an "IV flush of toxins." On October 2, 2019, the IV was discontinued, and Robinson was returned to the cellhouse. To this day, he still suffers from blurred vision and terrible headaches. (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim against Wexford Healthcare, Brookhart, Pittman, and Harris for deliberate indifference to his serious medical needs.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). This indifference includes "intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Id.* at 829. To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez,* 914 F. 3d 1040, 1049 (7th Cir. 2019).

Here, Robinson has not pled a viable Eighth Amendment claim against any of the listed Defendants. The allegations in the Complaint do not state, nor do they imply, that Nurse Harrison "consciously ignored a risk of harm" to Robinson when dispensing his medicine. *See Brown v. Cascadden,* No. 19-3511, 2022 WL 523083, at *1-2 (7th Cir. Feb. 22, 2022). Rather, Robinson claims that she "negligently" administered Neurontin, rather than Tramadol. (Doc. 1-1, p. 9). In his grievances, he writes that when Nurse Harris became aware of her error, she called the healthcare unit to come "check [him] out." (*Id.* at p. 3, 7). A nurse then came and took Robinson's vitals. As the Seventh Circuit has stated, "mere negligence or even gross negligence does not constitute deliberate indifference." *Borello v. Allison,* 446 F. 3d 742, 749 (7th Cir. 2006). There is nothing in the Complaint alleging that Nurse Harris's actions rose to the level of criminal recklessness in giving Robinson the wrong prescription or that she ignored his subsequent complaints of headaches and blurred vision.

Robinson's claim against Dr. Pittman is also dismissed. He states that she examined him on October 1, 2019, for complaints of blurred vision and swelling around his eyes after he was administered the wrong medication. Dr. Pittman had him admitted to the healthcare unit and placed on an IV to treat "presumed neruontin toxicity." (Doc. 1-1, p. 5, 18). It is not clear what aspects of Dr. Pittman's conduct Robinson is claiming amounted to deliberate indifference. He states that he

continues to suffer from blurred vision and headaches, but he has not included any factual allegations regarding Dr. Pittman's personal involvement in his ongoing care. For these reasons, Count 1 is dismissed as to Dr. Pittman.

Count 1 is also dismissed as to Warden Brookhart and Wexford Healthcare ("Wexford"). In listing these Defendants, Robinson states that Warden Brookhart is the highest ranking supervisor at Lawrence, and Wexford employs the nurses and doctors at Lawrence. (Doc. 1, p. 1-2). First, Robinson has not asserted any allegations against either Defendant in the statement of claim, and merely listing a defendant in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Second, Warden Brookhart and Wexford cannot be held liable based solely on their supervisory positions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). *Respondeat superior* liability is not recognized under Section 1983. Thus, Robinson has failed to state a claim against Brookhart and Wexford.

Because Robinson has failed to state a constitutional claim against any of the Defendants, the Complaint does not survive preliminary review and is dismissed without prejudice. However, Robinson will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," Robinson should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.

### MOTION FOR RECRUITMENT OF COUNSEL

Robinson has filed a motion asking the Court to recruit counsel on his behalf, which is denied.[2] (Doc. 2). He discloses two unsuccessful efforts to contact attorneys and has included with

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

his motion declination letters from two law firms. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Robinson indicates that he has no knowledge of civil procedure. Nonetheless, the Court finds that he can continue representing himself, at least for now. At this juncture, all is required is for Robinson to provide a short and plain statement showing that he is entitled to relief. *See* FED. R. CIV. P. 8. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time. The Court will remain open to the appointment of counsel in the future.

## MOTION FOR STATUS

The motion for status is deemed moot in light of this Order. (Doc. 13).

## DISPOSITION

For the reasons stated above, the Complaint, including Count 1, is **DISMISSED without prejudice** for failure to state a claim for relief. The Motion for Recruitment of Counsel is **DENIED.** (Doc. 2). The Motion for Status is **DENIED as moot.** (Doc. 13).

Robinson is **GRANTED** leave to file a "First Amended Complaint" on or before **April 26, 2022**. Should Robinson fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Robinsons three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Robinson use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00344-SPM). To enable Robinson to comply with this

Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Robinson must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Robinson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Robinson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 29, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**